IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TWO JINN, INC., | ) |
| | ) |
|                  Plaintiff, | ) Case No. CV06-268-S-EJL |
| | ) |
| vs. | ) MEMORANDUM ORDER |
| | ) |
| JACK GREEN and JOHN DOES I-V, | ) |
| | ) |
|             Defendants. | ) |
| | ) |

Pending before the Court in the above-entitled matter is Defendant Jack Green's ("Mr. Green") motion to dismiss (Docket No. 6). The motion is fully briefed. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.[1]

Factual Background

Plaintiff Two Jinn, Inc. ("Two Jinn") filed a Complaint against Mr. Green and other John Doe Defendants for slander per se and libel per se based on certain written statements allegedly made by Mr. Green regarding "high volume" bail bond companies in Idaho. Two Jinn is a California corporation which is a "high volume" bail bond company which also offers financing of bail bond premiums to its clients. Complaint, Docket No. 1, ¶ 2. Mr. Green is a resident of Idaho

_____

[1]The Court notes Defendant Green requested oral argument on the motion. "When a party has [had] an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in a refusal to grant oral argument] since any error can be rectified by an appeal of the summary judgment." Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991). In the present case, the matter has been fully briefed and the Court finds no prejudice in refusing to grant request for oral argument.

and operates a bail bond company called Fast Bail Bond, Inc. out of Wendell, Idaho.  Mr. Green is a member of the Professional Bail Association of Idaho ("P.B.A.I.").   The Complaint does not specifically allege that Two Jinn operates one or more bail bond companies in Idaho.

Attached as exhibits to the Complaint are a letter from Steve Tobiason to the Chairman and an attorney of Two Jinn in Carlsbad, California and to a person at Aladdin Bail Bonds in Boise (Exhibit B). Mr. Tobiason's letter has as an attachment to his letter a May 1, 2006 written statement signed by Jack Green that is titled "Information for those interested in the bail bond laws and activities" (Exhibit B); a written statement entitled "THE GREAT BAIL BOND SCAM" dated February 1, 2006 (Exhibit C) which includes copies of certain Los Angeles Times articles dated 7/25/2004 ("Probes Target Bail Bond Firms"); 8/6/2004 ("Insurers Pay L.A. County Partial Bail Debt"); and 6/26/2004 ("Bail Bond Chief Takes Plea Deal") as well as a California ABC 7 News.com article dated 1/27/2006 ("Loophole Lets Felons Out of Jail On Installment Plan").  None of the news articles cited by Mr. Green were written by Mr. Green.

Mr. Tobiason's letter dated June 9, 2006 (Exhibit A) indicates Exhibits B - C were provided to his law partner by a local sheriff at a summer meeting of the Idaho Sheriffs Association and that an unnamed local sheriff had received Exhibits B and C from Jack Green.  Mr. Tobiason's letter also indicates Mr. Green has testified in the past before the legislature regarding bail bond legislation. The articles reference Two Jinn as a "high volume" bail bond company in California.

It is undisputed that the written statements signed by Mr. Green do not directly reference Two Jinn.  Two Jinn is mentioned in one of the Los Angles Times articles, but such article was not written by Mr. Green and the statement about Two Jinn in the article does not appear to be defamatory against Two Jinn.[2]  Finally, the authors of the news articles are not named Defendants in the current action.

The written statements signed by Mr. Green are not in favor of "high volume" bail bond companies in Idaho.  Mr. Green sets forth the "scam" he believes may occur under Idaho's bail laws

---

[2]In the "Bail Bond Chief Takes Plea Deal" article dated June 26, 2004, the Latimes.com articles states "The Riverside County conviction and sale of Douglas' Pacific Bond Corp. to a San Diego County corporation know as Two Jinn Inc. Was met with reserved praise by a pair of leaders in the Southern California bail bond industry."  This is the extent Two Jinn is specifically mentioned in the documents provided by Mr. Green and included as exhibits to the Complaint.

with high volume bail bond companies.  Two Jinn claims the written statements indirectly reference Two Jinn and "[a]s a direct and proximate result of the slanderous and defamatory statements Defendants uttered, thousands of members of the public were led to believe that Plaintiff engages in unethical, unsavory, and possibly illegal business practices."  Complaint, ¶ 22.  Defendant Green claims his statements did not refer to Plaintiff with sufficient particularity; the First Amendment protects Defendant's statements because the statements constitute a professional opinion on matters of public concern; and Defendant's statements fall within a common law privilege because the statements protect a public interest.  Mr. Green also argues the case should be dismissed based on Plaintiff's failure to join certain indispensable parties and failure to sue Defendant's corporation.

## Standard of Review

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Clegg v. Cult Awareness Network, 18 F. 3d 752, 754 (9th Cir. 1994).   All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party.  See Buckey  v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992).  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc., 911 F.2d 242, 247 (9th Cir. 1990).  While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the opposing party would be unfairly prejudiced by the amendments.  See United States v. Pend Oreille Public Utility Dist. No. 1, 28 F.3d 1544, 1552-53 (9th Cir. 1994).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).   If materials outside the pleadings are considered, the motion is converted to a motion for

summary judgment governed by Fed. R. Civ. P. 56. See Jacobsen v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995).

But as Branch makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Branch, 14 F.3d at 453.


Analysis

1. Motion to Dismiss Based on a Failure to State a Claim

    A. Of and Concerning Plaintiff

Defendant seeks to have the Court dismiss the Complaint for a failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Here, the Defendant argues the claim of defamation must fail because Mr. Green's statements did not refer with particularity to Two Jinn. Plaintiff responds that if further discovery is allowed, Plaintiff will establish there is a small group of high volume bail bond companies in Idaho and Two Jinn is identified by clear implication.

"In defamation actions, the First Amendment also requires that the statement on which the defamation claim must specifically refer to, or be 'of and concerning,' the plaintiff in some way." Blatty v. New York Times Co., 42 Cal.3d 1033, 1044, 728 P.2d 1177, 1183 (1986). However, the "of and concerning" requirement does not require that Plaintiff allege that Defendant referred to Plaintiff by name as long as Plaintiff "may be identified by clear implication." Id. at 1044 n. 1, 1184 n. 1.

In this case, the Court finds, nothing in the written statements by Mr. Green refers to Two Jinn and Mr. Green's statements about high volume bail bond companies does not refer by clear implication to Two Jinn. Two Jinn's Complaint does not allege that Two Jinn is a high volume bail bond company in Idaho and the written statements by Mr. Green relate to high volume bail bond

companies in Idaho.  While Mr. Green attaches the articles regarding high volume bail bond companies in California, he did not author such articles and other than the one reference to Two Jinn purchasing another California high volume bail bond company, Two Jinn is not even discussed in the articles.  Simply put, there is no link for a reader to infer by "clear implication" that Mr. Green's statements are referring to Two Jinn.  In fact, the Court finds the Complaint extremely misleading when Plaintiff uses brackets to insert "Two Jinn" in the quotes from Mr. Green's statements where there is no such inference or implication in the written statements.

Arguably, Plaintiff may move to amend the Complaint to allege it is a high volume bail bond company in Idaho as suggested by its Memorandum in Opposition to Defendant's Motion to Dismiss, p. 4, Docket No. 7, (arguing the high volume bail bond companies in Idaho is not a large group and Plaintiff knows of no other member of this group).  However,  the Court finds such an amendment would be futile as the statements alleged to be defamatory do not clearly indicate Two Jinn is being referenced when it refers to high volume bail bond companies in general.  Therefore, this Court finds the written statements of Mr. Green are not "of and concerning" Two Jinn specifically and are generally referring to the impact high volume bail bond companies have had in California and may have in Idaho.


B.  Three Part First Amendment Test

Even assuming for purposes of this motion to dismiss that the written statements are "of or concerning" Plaintiff, the Court finds the Complaint should be dismissed because Mr. Green's statements were non-actionable opinion which is not defamatory as a matter of law under the First Amendment.

In Idaho, if the language at issue is plain and unambiguous, it is a question of law for the court to determine if the alleged defamatory publication amounts to libel per se.  S.N. Weeks v. M-P Publications, Inc., 95 Idaho 634, 636, 516 P.2d 193, 195 (1973).  See also, Dodds v. Am. Broad. Co., 145 F.3d 1053, 1065-68 (9th Cir. 1998) (dismissing action for failure to state a claim because statements were non-actionable opinion as a matter of law).  "Mere comment within the ambit of the First Amendment is not actionable." Cochran v. NYP Holdings, Inc. 58 F. Supp.2d 1113, 1121 (C.D. Cal. 1998).   "[I]n reviewing a defamation claim, a court must ask as a threshold matter 'whether a reasonable factfinder could conclude that the contested statements implies an assertion

of objective fact." <u>Unelko Corp. v. Rooney</u>, 912 F2d 1049, 1053 (9th Cir. 1990). "If the answer is no, the claim is foreclosed by the First Amendment." <u>Id.</u> The Ninth Circuit adopted a three part test for First Amendment analysis: "(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proved true or false." <u>Id.</u>; <u>see also Partington v. Bugliosi</u>, 56 F3d 1147, 1153 (9th Cir. 1995).

The totality of the circumstances in which the statement was made must be examined. <u>Underwager v. Channel 9 Australia</u>, 69 F.3d 361, 366 (9th Cir. 1995). The Court must "examine the work as a whole, the specific context in which the statements were made, and the statements themselves to determine whether a reasonable factfinder could conclude the statements imply a false assertion of an objective fact and therefore fall outside of the protection of the First Amendment." <u>Partington v. Bugliosi</u>, 56 F.3d 1147 (9th Cir. 1995). The Court must interpret the statement "from the standpoint of the average reader, judging the statement not in isolation, but within the context in which it is made." <u>Norse v. Henry Holt & Co.</u>, 991 F.2d 563, 567 (9th Cir. 1993). "The First Amendment protects 'statements that cannot reasonably [be] interpreted as stating actual facts about an individual.'" <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1074 (2005) (citing <u>Milkovich v. Lorain Journal Co.</u>, 497 U.S. 1, 20 (1990)). "Courts have extended First Amendment protection to such statements in recognition of 'the reality that exaggeration and non-literal commentary have become an integral part of social discourse.'" <u>Knievel</u> at 1074 (<u>citing</u> <u>Livinsky's, Inc. v. WalMart Stores, Inc.</u>, 127 F.3d 122 128 (1st Cir. 1997)).

### 1. General Tenor

In examining the general tenor of the written statements, the Court finds the written statements are simply the writer's opinion based on certain written articles (not authored by Mr. Green) about the practice and problems associated with certain high volume bail bond companies in California. Mr. Green presents his opinion of what could happen in Idaho based on these California articles, but he also clearly expresses what he would propose as far as amending Idaho's bail bond laws and encourages others that "share these concerns" to take action to address his concerns with the legislature. Mr. Green's hypothetical example of how high volume bail bond companies could take advantage of the existing laws is simply his opinion as there is no evidence

presented that the "scam" referred to in Mr. Green's letter relates to the actions of a particular bail bond company. The scheme he presents in his statements is his opinion of what could happen if the existing bail bond laws are not amended. Mr. Green does not state that his concerns are based on actual high volume bail bond company experiences in Idaho. Moreover, Mr. Green cannot be held liable for the factual statements contained in the California media articles attached as exhibits to his written statements. Accordingly, the Court finds the broad context of Mr. Green's statements fall outside the scope of actionable speech because Mr. Green's overall tenor negates the impression Mr. Green was asserting objective facts.

## 2. Specific Content

Even though the Court finds the general tenor of the written statements negates the impression Mr. Green was asserting an objective fact, the Court must still analyze the specific written statements to determine if the Defendant used figurative or hyperbolic language that negates the assertion of objective fact. Plaintiff clearly takes offense to the term "scam" used multiple times by Mr. Green. Plaintiff argues that even if the statements are personal opinions of Mr. Green, they imply false assertions of an objective fact.

As to the word "scam," the Court finds that such figurative language does not imply false assertions of an objective fact. Webster's Ninth New Collegiate Dictionary defines scam as "a fraudulent or deceptive act or operation." Mr. Green argues that a bail bond company could "scam" Idaho courts if certain conditions are met. Mr. Green's figurative use of the term "scam" does not imply a false assertion of objective fact as Mr. Green is clearly speculating as to what he thinks could occur under the current system. Mr. Green does not argue or provide facts that Idaho courts are currently being scammed, only that the possibility exists if bail bond statutes are not amended. Mr. Green uses hypotheticals, rhetorical questions, exaggeration, generalities and subjective commentary in his statements and taken as a whole, the language used reinforces to the average reader that this is just one person's opinion based on his theory or fear of the California experience (set forth in the articles not authored by Mr. Green) being transferred to Idaho. Mr. Green clearly wants an open discussion of proposed legislation and challenges his readers to reach their own conclusions. Statements are generally inactionable under the First Amendment where readers are invited to draw their own conclusions. See Phantom Touring, Inc. V. Affiliated Publications, 953

F.2d 724, 731 (1st Cir. 1992).  The speaker in this case outlines his opinion based on the experience of courts in California as discussed in the articles he did not author and challenges the reader to reach his/her own conclusions.  Thus, the statements are protected by the First Amendment as the specific language used in Mr. Green's statements, taken as a whole, do not imply false assertions of objective facts or false assertions regarding Two Jinn.  Mr. Green's statements are merely his interpretation of the facts available to both the writer and reader.

### 3.  Susceptible of Being Proven True or False

The third prong of the First Amendment analysis is for the Court to determine whether Mr. Green's statements are capable of being proven true or false.  The Court finds Mr. Green's statements are not capable of being proven true or false as his statements involve a theoretical "scam" involving high volume bail bond companies and not a specific ongoing practice in Idaho. Moreover, the statements proposing amendments to existing statutes are Mr. Green's opinions and are not capable of being proven true or false as he is simply lobbying for his position.  The statements contained in the articles attached to Mr. Green's statements may be capable of being proven true or false, but since these articles are not statements by Mr. Green, the Court does not consider them Mr. Green's statements.  The subjective term "scam" is not capable of being proven true or false.  See McCabe v. Rattiner, 814 F.2d 839, 842 (1st Cir 1987).  There are no hard facts relating to Idaho courts mentioned by Mr. Green that are susceptible of being verified as true or false.  Finally, the Courts are instructed to "err on the side of non-actionability."  Modela II v. New York Times Co., 22 F.3d 310, 317 (D.C. Cir. 1994).  For these reasons, the Court finds Mr. Green's statements are not capable of being proved true or false.        The First Amendment protects important freedom of expression rights.  The Court finds a reasonable factfinder could not conclude the contested statements in this case imply an assertion of objective fact.  Therefore, Plaintiff's claims slander and libel are foreclosed as a matter of law by the First Amendment and the case must be dismissed for failure to state a claim upon which relief can be granted.

2.  Other Grounds to Dismiss

Because the Court finds the statements are not of or concerning Plaintiff and are not defamatory as a matter of law, the Complaint must be dismissed and the Court need not address Defendant's other grounds for dismissal.


Order

Being fully advised in the premises, the Court hereby orders that Defendant Green's Motion to Dismiss (Docket No. 6) is GRANTED and the case is dismissed in its entirety.


DATED:  **March 7, 2007**

Honorable Edward J. Lodge
U. S. District Judge